PER CURIAM-.
This is an appeal from á denial of a petition to open -aiid vácate an order modifying a filial decree of divorce. The modified decree awarded lump sum alimony in lieu of periodic payments.
.As a result of a divorce suit having been successfully prosecuted by Fredericka Phillips • Chaaehou, hereinafter referred to as the wife, against, her then husband, Khu-dourie, Chaaehou, hereinafter referred to as the husband, or .appellant interchangeably,. appellant was ordered to pay into the registry of-the Circuit Court, Dade County, Florida, One Hundred, Eighty Thousand Dollars. That sum was to satisfy future periodic alimony payment's. Subsequent to ' the divorce decree, appellant went into in- ’ voluntary bankruptcy, and, on June 1, 1962, the involuntary petition in bankruptcy was r.ftle'd--in th'e 'appropriate United'States district court.
'Litigatióri in the fedefal court’between appellant’s .trustee, in. bankruptcy, the ap- *555 pellee herein, and the wife concerning the parties entitlement to the fund in the registry of the circuit court ended with a compromise stipulation which was approved by the federal court.
The compromise stipulation provided, in part, that of the remaining funds in the registry of the circuit court, the appellee trustee was to receive Forty Thousand Dollars ($40,000) and the wife was to receive the remainder (some One Hundred, Eighteen Thousand Dollars) in lump sum alimony. By petition dated June 14, 1964 the wife applied to the circuit court for a modification of the decree of divorce to award lump sum alimony in lieu of periodic payments. Her petition alleged, inter alia, that she had become grievously ill, had incurred great medical expenses, and that certain of her property was being foreclosed for nonpayment of taxes. The trustee-appellee was allowed to intervene in the modification proceedings. The stipulation between the trustee and wife previously approved by the federal court was approved by the circuit court, and, based upon the wife’s petition and the stipulation of the wife and trustee the circuit court granted the modification.
The appellant was not notified of the en- ’■ try of the stipulation nor of the petition for modification. On April 21, 1964, appellant filed a petition styled “petition to open and vacate order granting petition for an award ' of lump sum alimony”. His petition was denied giving rise to this appeal.
The order modifying the divorce decree was entered January 15, 1964. The wife Fredericka Phillips Chaachou died approximately a month later, on February 19, 1964. Two months thereafter when the husband Khudourie Chaachou filed his motion on April 21, 1964, to vacate the modification order, there was no substitution of parties, as provided for under Rule 1.19 F.R.C.P., 30 F.S.A. Following the filing of an appeal by the husband- from the subsequent order of the chancellor denying his motion to vacate the modification order, motion was filed here on behalf of the estate of the deceased wife' -for the‘ latter to be dismissed - from the appeal. We granted the motion.' Because the representative of the estate of the deceased wife was not substituted below, the chancellor was not in error in denying the husband’s motion to vacate the modification order which the wife' ■ had sought and obtained.
For the reason stated, we-hold this appeal to be without merit, and it is hereby dismissed. , .
It is so ordered;